**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                                                  No. 96-4383

ERIC MANKOWSKI,
<u>Defendant-Appellant.</u>

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                                                  No. 96-4410

GENNARO PULICE, a/k/a Jerry,
<u>Defendant-Appellant.</u>

Appeals from the United States District Court
for the Northern District of West Virginia, at Clarksburg.
Irene M. Keeley, District Judge.
(CR-95-30)

Submitted: February 28, 1997

Decided: April 16, 1997

Before HALL, MURNAGHAN, and LUTTIG, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

William E. Galloway, GALLOWAY & TAYLOR, Weirton, West
Virginia; William C. Gallagher, CASSIDY, MYERS, COGAN, VOE-

GELIN & TENNANT, L.C., Wheeling, West Virginia, for Appellants. William D. Wilmoth, United States Attorney, Paul T. Camilletti, Assistant United States Attorney, Wheeling, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

PER CURIAM:

Gennaro Pulice appeals from his sentence imposed for violation of 21 U.S.C. §§ 843(b), 846 (1994); 18 U.S.C.§§ 2, 894, 1952(a)(3) (1994). We affirm.

Pulice contends that his prior conviction for contributing to the delinquency of a minor is sufficiently similar to the offense of Nonsupport that it should not have been used to determine his criminal history score under United States Sentencing Commission, Guidelines Manual, § 4A1.2(c)(1) (Nov. 1995). We find that these two offenses are not similar and therefore find no error in the district court's consideration of the prior offense in calculating Pulice's criminal history score. Accordingly, we affirm.

Eric Mankowski appeals from his sentence imposed for violation of 21 U.S.C. §§ 841(a)(1), 844 (1994). We affirm.

Mankowski contends that the district court violated his Sixth Amendment right to a jury trial by using conduct of which he had been acquitted in setting his offense level through use of the Guidelines' relevant conduct provisions. Mankowski essentially relies on two Ninth Circuit cases to support his argument that an acquittal translates into a verdict of innocent and therefore renders the use of such conduct in the calculation of his offense level unconstitutional. These cases are United States v. Putra, 78 F.3d 1386 (9th Cir. 1996),

2

and United States v. Watts, 67 F.3d 790 (9th Cir. 1995). Both of these cases have recently been reversed by the Supreme Court. See United States v. Watts, ___ U.S. ___, 65 U.S.L.W. 3452 (U.S. Jan. 6, 1997) (No. 95-1906). In Watts the Supreme Court held that a court may consider conduct of which a defendant has been acquitted in determining his offense level because an acquittal does not establish that a defendant is innocent of the charged offense, but rather that there was insufficient evidence to establish his guilt beyond a reasonable doubt. We therefore affirm Mankowski's sentence.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3